UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 14-20107-CIV-MORENO**

SANDRA SPEIER-ROCHE,

    Plaintiff,

vs.

VOLKSWAGEN GROUP OF AMERICA, INC.
D/b/a/ AUDI OF AMERICA, INC., AUDI AG
and VOLKSWAGEN AG,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE

    This matter comes before the Court pursuant to Defendant Volkswagen Group of America, Inc. ("Defendant")'s Motion to Dismiss Plaintiff Sandra Speier-Roche ("Plaintiff")'s Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). The gravamen of Plaintiff's Amended Complaint is that the brake pads and rotors in her 2007 Audi Q7 (the "Vehicle") are defective and require frequent replacement, in violation of alleged express and implied warranties. In pertinent part, Audi's New Vehicle Limited Warranty explains that the Vehicle's brake pads and rotors are "items that are subject to deterioration due to normal wear, driving habits or conditions" and consequently lists brake pads and rotors as items that are only covered for a limited warranty period of the earlier of 12 months/12,000 miles. In her Amended Complaint, Plaintiff claims that the defects of her Vehicle are not subject to the constraints of a limited warranty; she attempts to invoke the application of a longer warranty period by alleging that her brake pad/rotor defects are related to otherwise-unidentified "Brake System" components

and are thus subject to a 48-month/50,000 mile warranty.

This Court finds that Plaintiff fails to adequately state a valid cause of action in any of the eight Counts of her Amended Complaint. All of her claims are time-barred, and in addition, key elements of every claims are missing. For the foregoing reason, this Court GRANTS Defendant's Motion to Dismiss as to all Counts.

I. Legal Standard

Under Rule 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In other words, the

complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Twombly*, 550 U.S. at 556.

II.     Factual Background

On January 21, 2014, plaintiff Sandra Speier-Roche filed her Amended Complaint in the above-captioned putative class action. The Amended Complaint generally alleges that "[t]he braking system installed in the 2007 to present Audi Q7 vehicles ("Class Vehicles") suffers from defects that cause, among other things, the Class Vehicles' brake pads and rotors to wear out prematurely and require replacement approximately every 7,500 to 15,000 miles." Plaintiff alleges that the frequency of her Vehicle repairs indicates premature wear in violation of warranties of a properly functioning braking system. Her eight causes of action are as follows: breach of express warranty (Count I); breach of express part warranty (Count II); breach of written warranty under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 et seq. (Count III); breach of implied warranty of merchantability (Count IV); breach of the Florida Deceptive and Unfair Trade Practices Act (Count V); common law fraud (Count VI); breach of the duty of good faith and fair dealing (Count VII); and unjust enrichment (Count VIII). Count IX contains a prayer for relief only; she requests a declaration as to the parties' respective rights and does not state a cause of action.

The facts as alleged are as follows: on or about March 20, 2007, Plaintiff leased a 2007 Audi Q7 sport-utility vehicle bearing Vehicle Identification Number WA1BY74L97D08532 (the "Vehicle") from an authorized Audi dealership in Coconut Grove, Florida ("the dealership"). The

dealership is not a named defendant. The Vehicle was purchased with Audi's New Vehicle Limited Warranty ("the Warranty"). Generally, the Vehicle Warranty covers the cost of all parts and labor needed to repair any item on a vehicle defective in material, workmanship or factory preparation for a period of time extending to the earlier of 48 months or 50,000 miles. *See* Exhibit A to Exhibit 1, D.E. No 34. However, the Vehicle Warranty expressly provides that "items subject to deterioration due to normal wear, driving habits or conditions are covered for defects in manufacturer's material and workmanship *for 12 months or 12,000 miles*, whichever occurs first. These items include...*brake discs, brake pads*...." *Id.* (emphasis added).

On March 13, 2008, when the Vehicle's odometer read 7,673 miles, Plaintiff brought the Vehicle to the dealership from which she leased the car as a result of the Vehicle "making a squeal type noise when braking." An Audi technician replaced the front brake rotors, pads, and sensors; the Vehicle was under warranty at this time and Plaintiff was not charged. On March 23, 2009, when the odometer read 14, 619 miles, Plaintiff brought her vehicle back to the dealership and requested her brakes be inspected. An Audi technician determined that her "brakes [were] within safety specs." On March 30, 2009, however, Plaintiff brought her vehicle back and was advised to replace her rear brake pads. On February 22, 2010, Plaintiff brought the Vehicle back to the dealership for brake repair and personally covered the cost of repair, as the odometer read 21,212 miles and the Vehicle's brakes and rotors were no longer covered by warranty. Less than a month later, Plaintiff purchased the Vehicle at the conclusion of her 3-year lease term.

On August 25, 2011, Plaintiff brought the Vehicle in for service to the dealership and an Audi technician advised front and rear brake pad replacement; the dealership offered to cover

50% of the cost of repair. On February 18, 2013, Plaintiff brought the Vehicle to the dealership for service and replaced the front brake pads and rotors again. On August 20, 2013, at which point the Vehicle has 43, 680 miles on the vehicle's odometer, Plaintiff had the Vehicle serviced again and the Audi dealer partially covered the repair cost. On September 30, 2013, Plaintiff commenced this litigation by filing a Complaint against Volkswagen Group of American, Inc., Audi AG and Volkswagen AG. The only of the three named Defendants to be served is Volkswagen Group of American, Inc. Plaintiff filed her Amended Complaint on January 21, 2014; in response, Volkswagen Group of American, Inc., filed the Motion to Dismiss on which this Court now rules.

  III. Legal Analysis

    A. Plaintiff's Allegations of Breach of Express Warranty (Count I) and Breach of the Duty of Good Faith (Count VII) Fail as a Matter of Law

In Count I, Plaintiff claims that Defendant "expressly warranted that [the Vehicle was] of high quality and, at minimum, would actually work properly"; further, Plaintiff alleges that Defendant breached the Warranty "by selling to Plaintiff and Class Members the Class Vehicles with known Brake System problems, which are not of high quality, and which fail prematurely and/or fail to function properly." She finally claims that Defendant breached the Vehicle Warranty by failing to repair and/or replace Plaintiff's allegedly defective brakes when they failed during the Vehicle Warranty period.

The fundamental problem with Plaintiff's claim is that, by the plain language of the Vehicle Warranty, the brakes on Plaintiff's Vehicle were only covered under the Warranty for the earlier of 12 months or 12,000 miles from the date of lease, and it is undisputed that Defendant did not charge Plaintiff for brake repair until *after* she had exceeded the time of warranty coverage, that is, after more than twelve months and 12,000 miles had expired after her lease signing date.

Plaintiff attempts to circumvent the Warranty limitation by arguing that the Warranty terms applicable to brakes parts, limiting coverage to the earlier of 12 months or 12,000 miles from the date of lease, do not apply to her claim because the alleged "Brake System Defect" is caused by "defects in material and/or workmanship, [and] components that are installed in it; and as a result, the rotors and the pads wear out prematurely." Put simply, she is attempting to allege that there is a defect in the vehicle design itself, the symptom of which is a defective brake component, so the applicable coverage period is a term extending to the earlier of 48-months or 50,000 miles.

Plaintiff's argument is unpersuasive. The plain terms of the Vehicle Warranty and Plaintiff's own allegations preclude the Court from adopting Plaintiff's proposed interpretation as applicable to her claims. Plaintiff's own allegations in the Amended Complaint limit the Court's considerations to defects her Vehicle's brake pads and rotors. Plaintiff's Amended Complaint does not plead that a single component of her Vehicle is allegedly defective other than the brake pads and rotors. At the inception of this lawsuit, the alleged "brake defect" was defined as premature "wear" of the "brake pads and rotors."(D.E.. No. 1, ¶1). The Amended Complaint,

which purports to insert the word "system" in between the words "brake"and "defect,"does not identify any additional component part of the Vehicle or any "system" that either failed or is alleged to be defective. (Compare Complaint Dkt. No. 1, ¶1 with Amended Complaint, D.E. No. 21, ¶1). Plaintiff first brought her Vehicle to the dealership complaining of the "squeaking" of her brakes; the dealership diagnosed problems limited to the brake pads, front and back, and rotors, and finally, all cited repairs involved the front and back brake rotors and the brake pads. Altogether, the only "acts" pleaded in the Amended Complaint regarding the Vehicle's brakes are alleged premature wear, and repair, of the brake pads and rotors. Therefore, by the Plaintiff's allegations and the plain terms of the Warranty, this Court finds that the applicable warranty period here is that which is relevant to brake parts– *i..e.*, that which is relevant to vehicle parts subject to normal wear, expressly limiting warranty coverage to 12 months/ 12,000 miles.

It is worth noting that efforts akin to Plaintiff's attempts to plead around the limited Warranty term by attributing her brake failure to an unspecified "defect" have been rejected elsewhere. In *Cali v. Chrysler Corp.*, 426 Fed. Appx. 38 (2d Cir. 2011), as here, the plaintiff sued for brake pad and rotor failure outside the applicable 12-month/12,000 mile warranty. Seeking to invoke a longer warranty period applicable to different parts, the plaintiff in *Cali,* like Plaintiff here, claimed that the pads and rotors were not themselves defective, but wore prematurely due to an unspecified defect elsewhere in the vehicle. As here, this theory was put forward absent the pleaded failure of any specified "defective" part. *Id.* at *3-5. In a decision affirmed by the Second Circuit, the district court held plaintiff's claims were covered exclusively under the shorter "brake parts" warranty, and found no pleaded facts supporting the claim of a defect elsewhere in

-7-

the vehicle subject to a longer warranty period. *Id.* at *4-5.

Because the applicable warranty term here is that of 12 months/12,000 miles, Plaintiff's Count for Breach of Express Warranty (Count I) fails. It is undisputed that Plaintiff was not charged for the brake pad and rotor replacement within the 12-months/12,000 mile parameters of the Warranty applicable to brake parts. She cannot assert a claim for breach of express warranty.

Notably, even if the Amended Complaint established the existence of a breach of express warranty, the warranty on the brake pads and rotors in Plaintiff's vehicle expired twelve months after she leased the vehicle, on the date of March 20, 2008 – well over five years before this litigation commenced on September 30, 2013. Florida provides a five-year statute of limitations for breach of express warranty claims. Fla. Stat. § 95.11(2)(b). "The applicable five-year statute of limitation cannot begin to run later than the expiration of the warranty as the warrantor did not expressly agree to provide warranty coverage beyond this date...." *McKissic v. Country Coach, Inc.,* 2009 U.S. Dist. LEXIS 16478, at *32-33 (M.D. Fla. Feb. 27, 2009). The statute of limitations would have begun to run when Plaintiff should have discovered the alleged unrepaired brake system defect. *See id.* at *25-26 ("The statute of limitations for causes of action based on a breach of an express warranty begins to run when a plaintiff discovers, or should have discovered, the breach of the express warranty."). Plaintiff was put on notice of her claim on March 13, 2008, when, by Plaintiff's own claim, her Vehicle needed its first allegedly "premature" brake pad and rotor replacement. Thus, Plaintiff's express warranty claim became untimely as of March 13, 2013, over six months before this litigation commenced.

Because Count I is dismissed, Plaintiff's Count VII, alleging breach of the duty of good faith and fair dealing, also is dismissed. Plaintiff incorrectly alleges that the "implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms." Florida law holds that the duty of good faith "is not an abstract and independent term" and rather "must be anchored to the performance of an express contractual obligation." *Flagship Resort Dev. Corp. v. Interval Int'l, Inc.*, 28 So. 3d 915, 924 (Fla. 3d DCA 2010). "There can be no cause of action for a breach of the implied covenant [of good faith and fair dealing] absent an allegation that an express term of the contract has been breached." *Id.* at 924. Plaintiff's allegation that Defendant violated the implied covenant of good faith through breach of the express warranty must be based on a valid breach of warranty claim. *See Centurion Air Cargo v. UPS Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005); *Licul v. Volkswagen Grp. of Am.*, 2013 U.S. Dist. LEXIS 171627, at *12 (S.D. Fla. Dec. 5, 2013) ("Because Plaintiffs cannot state a claim for breach of the warranty . . . neither can they state a claim for breach of the implied covenant of good faith and fair dealing contained in that contract."). Because Defendant paid in full for the one brake repair on Plaintiff's vehicle that occurred during the warranty period, Defendant's compliance with its warranty obligations did not breach any contract that could give rise to a claim for breach of the implied covenant of good faith and fair dealing.

B. Plaintiff's Allegations in Counts III, V and VI are Time-Barred

Just as Plaintiff's claims for breach of express warranty and breach of good faith fail as time-barred as well as on the merits, her claims for breach of written warranty under the

Magnuson–Moss Warranty Act (Count III); breach of the Florida Deceptive and Unfair Trade Practices Act (Count V); and common law fraud (Count VI) also fail as time-barred.

In her Amended Complaint, Plaintiff describes the series of trips she made regarding her brakes to her dealership. As discussed *supra*, her first repair performed in association with the alleged "premature" wearing-down of her brake pads and rotors put Plaintiff on notice of her present claims. Specifically, the statutes of limitations on Plaintiff's claims began to run as of March 13, 2008, the date of her initial repair at 7,673 miles, on the basis of which she now pleads defect in the brake system. Plaintiff alleges, "[c]onsumers do not expect to have to inspect or replace the brake pads and rotors after only 7,500 to 15,000 miles." By nature of her stated expectations, Plaintiff was on notice of alleged defect of her Vehicle's brakes; thus the statutory clock began running at the first of the "unexpected, premature" repairs. Indeed, the Vehicle's Warranty itself assisted with notice, as it specifically listed brake pads and rotors are "items that are subject to deterioration due to normal wear, driving habits or conditions," expressly disclosing that such parts could fail during the coverage period. Plaintiff had up to five years (in the case of her express warranty claims) or four years (for other claims except those under the Florida Deceptive and Unfair Trade Practices Act and allegations of unjust enrichment) to file suit.

Although the Magnuson-Moss Act contains no express statute of limitations, Plaintiff's claim for breach of written warranty under the Magnuson–Moss Warranty Act (Count III) is untimely because the courts look to most analogous state statute to determine which statute of limitations to apply. *Saavedra v. Albin Mfg. Corp.*, 2012 U.S. Dist. LEXIS 9618, at *7 (M.D. Fla.

Jan. 27, 2012). Courts have considered state Lemon Laws and the limitations period governing warranty claims under a state's commercial code in their review of Magnuson-Moss claims. *Id.* at *7-8 (applying Florida's Lemon Law statute of limitations to a Magnuson-Moss claim); *Murungi v. Mercedes Benz Credit Corp.*, 192 F. Supp. 2d 71, 79 (W.D.N.Y. 2001) (holding limitations period for the UCC is most appropriate for a Magnuson-Moss claim, but also considering the Lemon Law). Regardless of which analogous limitations period is applied here, Plaintiff's claim is untimely. As demonstrated *supra,* Plaintiff's warranty claim under Florida's Uniform Commercial Code is time barred if subject to the five-year statute of limitations for breach of express warranty claims. Fla. Stat. § 95.11(2)(b). Similarly, Florida's Lemon Law has a three-year statute of limitations that commences with the delivery of the vehicle, which occurred here in March 2007. § 681.102, Fla. Stat. (2006); *Saavedra,* 2012 U.S. Dist. LEXIS 9618, at *7-8. This Court thereby dismisses Plaintiff's Count III as time barred.

The Court finds that Plaintiff's Count VI claim, alleging common law fraud, is similarly time-barred. Common law fraud claims in Florida are subject to a four-year statute of limitations period. Fla. Stat. § 95.11(3)(j). This period commences at "the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." *Ishii v. Welty,* 1998 U.S. Dist. LEXIS 21248, at *16-17 (M.D. Fla. Sep. 30, 1998) (citing *Bernard Schoninger Shopping Centers, Ltd. v. J.P.S. Elastomerics, Corp.*, 102 F.3d 1173 (11th Cir. 1997)). As discussed *supra*, Plaintiff's Vehicle underwent allegedly "premature" front brake pad and rotor replacement on March 13, 2008; Plaintiff would have discovered or should have discovered any alleged fraud on that date. Therefore the applicable four year limitations

period expired on March 13, 2012.

Plaintiff's common law fraud allegation fails for an additional reason. Even under the most lenient reading of Rule 9(b), the allegations in her Amended Complaint do not include sufficient details to state a cause of action of alleged fraud. *Greenberg,* 264 F. Supp. 2d at 1073. In this Circuit, allegations of fraud by omission must set forth, with particularity, "(1) precisely ...what omissions were made, and (2) the time and place of ... [the] omissions, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiff fails to establish these necessary elements–she fails to allege the means Defendant used to perpetrate the alleged fraud, for example, or any facts indicating the fraud's existence. *See also Aprigliano v. Am. Honda Motor Co., Inc.,* 2013 WL 5788771 at *10 (S.D. Fla. Oct. 29, 2013). Her common law fraud allegation fails again on this ground.

Turning to Count V, the Court finds that Plaintiff fails to state a timely cause of action pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). The statute of limitations for Plaintiff's claim under FDUTPA is four years. Fla. Stat. § 95.11(3)(f) (2006). A FDUTPA claim accrues at the time of purchase or lease of a product, not upon discovery of an alleged defect. *Matthews v. Am. Honda Motor Co.*, 2012 U.S. Dist. LEXIS 90802, at *11 (S.D. Fla. June 6, 2012). It is well-settled there is no "delayed discovery rule" applicable to FDUTPA claims. *Marlborough Holdings Group, Ltd. v. Azimut-Benetti*, 505 Fed. Appx. 899, 906 (11th Cir. 2013); *Matthews*, 2012 U.S. Dist. LEXIS 90802 at *9-11; *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, 2011 U.S. Dist. LEXIS 51457, at *18 (S.D. Fla. May 13, 2011). Because

Plaintiff leased the subject vehicle in March 2007, the four-year limitations period ran on her FDUTPA claim in 2011, several years before she commenced this action.

Plaintiff attempts to invoke the doctrine of fraudulent concealment, or equitable estoppel, to toll the statute of limitations on these time-barred claims. However, "[a] fraudulent concealment claim is subject to Fed. R. Civ. P. 9(b)'s requirement that the circumstances constituting fraud shall be stated with particularity. Under Rule 9(b), the circumstances of the fraud must be alleged with specificity, *i.e.* the 'who, what, when, where, and how' of the alleged fraud. [citation omitted]." *Greenberg,* 264 F. Supp. 2d at 1073; *see also Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1212 (11th Cir. 2001). As described *supra* with respect to Count IV, Plaintiff's Amended Complaint fails to allege with particularity any claims of fraudulent concealment. Moreover, to invoke a fraudulent concealment toll, Plaintiff must plead facts establishing that Defendant deliberately and actively concealed the material facts for the purpose of inducing her to delay filing this action. *See Licul v. Volkswagen Grp. of Am.*, 2013 U.S. Dist. LEXIS 171627, at *16 (S.D. Fla. Dec. 5, 2013). She fails to allege any elements of active fraudulent concealment on the part of Defendant, much less that any such acts delayed Plaintiff's filing beyond the statute of limitations. Plaintiff's allegations amount to a claim of mere "non-disclosure" which, under Florida law, is legally insufficient to toll the statute of limitations. *See id.* at *17-18. Plaintiff cannot invoke the doctrine of fraudulent concealment or otherwise toll the applicable statute of limitations as to her claims.

    C.    Plaintiff's Allegation of Breach of Express Part Warranty (Count II) Fails Due to Warranty Limitations

Plaintiff cannot assert the claims she brings in Count II for breach of express part warranty under Florida law because all alleged unreimbursed repairs occurred long after any individual part warranty expired. Plaintiff actually stipulates in her Response to Defendant's Motion to Dismiss that her claim for Breach of Express Part Warranty (Count II of the First Amended Complaint) should be dismissed, and the Courts agrees because each repair of Plaintiff's front and rear brake pads and/or rotors took place more than 12 months or 12,000 miles after the previous repair on that particular component and thus outside the warranty period.

    D.    Plaintiff's Claim for Breach of Implied Warranty of Merchantability (Count IV) Fails on Timeliness and Privity Grounds

Turning finally to Count IV, the Court finds that Plaintiff's claim for Breach of Implied Warranty of Merchantability fails for two reasons. It fails as time-barred, as do the other of Counts I through VII. Moreover, this Count fails for the independent reason that Florida law requires privity for implied warranty claims. In this case, no privity exists between Plaintiff and Defendant. Accordingly, the Court dismisses Count IV.

Under Florida law, "[a] contract action for breach of implied warranty does not lie where there is no privity of contract" between a plaintiff and defendant. *Westinghouse Corp. v. Ruiz*, 537 So. 2d 596, 596-97 (Fla. 3d DCA 1988); *see also Feheley v. LAI Games Sales Inc.*, 2009 U.S. Dist. LEXIS 70430, at *18-19 (S.D. Fla. Aug. 11, 2009). The privity requirement applies to lease

as well as sales transactions. *O'Connor v. Kawasaki Motors Corp.*, 699 F. Supp. 1538, 1543-44 (S.D. Fla. 1988). Here, the Amended Complaint fails to state a valid implied warranty claim against Defendant, which neither leased Plaintiff's vehicle in 2007 nor sold it to her in 2010. As explained by *Brisson v. Ford Motor Co.*, when a vehicle is purchased directly from a dealer as opposed to the manufacturer–as occurred here–no privity exists between the plaintiff and manufacturer. 602 F. Supp. 2d 1227, 1232, n.5 (M.D. Fla. 2009) *aff'd in relevant part, vacated on other grounds*, 349 Fed. Appx. 433 (11th Cir. 2009)(quoting *Bailey,* 168 Fed. Appx. at 894 n.1); *see also Cerasani v. American Honda Motor Co.,* 916 So. 2d 843, 847 (Fla. Dist. Ct. App. 2005).

Having pleaded nothing to suggest any exception to this general rule, Plaintiff's implied warranty claims are barred by lack of privity. The Amended Complaint makes no allegation of either contractual privity or a genuine agency relationship between Defendant and the dealership which arranged the lease and ultimate purchase of her vehicle. As a matter of law, Plaintiff's allegation is insufficient.

*Ocana v. Ford Motor Co.*, 992 So. 2d 319 (Fla. 3d DCA 2008) is instructive. *Ocana* affirmed the dismissal, on the pleadings, of implied warranty claims against defendant Ford. The plaintiff in *Ocana* alleged that Ford, as franchiser, "exercises control over: 1) dealer location, size, and number of dealer logos on dealer' premises; 2) prizes given to dealer' employees; 3) number of bathrooms dealer must make available to the public; 4) training and certification of sales and service personnel." *Id.* at 326. Moreover, she alleged that Ford "requires that its dealers 5) use manufacturer-supplied computer software; 6) report vehicle sales and sale details, including name and address of purchaser and related information, to manufacturer; 7) provide

-15-

warranty service paid for by Ford Motor Company; and 8) afford Ford the right to enter the dealer's business premises to audit the records and operations of the dealership as to sales and service." *Id.* In dismissing these allegations as insufficient under Rule 12(b)(6) to establish privity, the *Ocana* court noted the absence–equally conspicuous here–of "any allegation of some of the tell-tale signs of a principal-agent relationship, such as the ability of the principal to hire, fire, or supervise dealership employees or dealer ownership."*Id.*

Absent here from the pleadings is any allegation that Plaintiff at any time communicated in any way with Defendant, either in connection with the lease, servicing, or ultimate purchase of her vehicle after three years on the road. Because the Amended Complaint makes no allegation of either contractual privity or a genuine agency relationship between Defendant and the dealership which arranged the lease and ultimate purchase of her vehicle, and pleads no facts from which privity or a true agency relationship can be inferred, the Court dismisses this Count.

Even if Plaintiff were in contractual privity with Defendant, any implied warranty on her brake pads and rotors was limited in duration to 12-months/12,000-miles. The Vehicle's Warranty expressly and conspicuously limits the duration of any implied warranties to the term of the applicable express warranty, stating: "Any implied warranty, including any warranty of merchantability or warranty of fitness for a particular purpose, is limited in duration to the stated period of these written warranties."

E. Plaintiff's Unjust Enrichment Claim (Count VIII) Fails as a Matter of Law

Plaintiff attempts in Count VIII to assert "in the alternative" a claim for unjust enrichment

-16-

despite the existence of an express warranty governing her rights. This argument is contrary to the weight of authority holding that an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute. *See, e.g., Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010). Under Florida law, "unjust enrichment is an equitable remedy which necessarily fails upon a showing that an express contract exists." *Alvarez v. Royal Caribbean Cruises, Ltd*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012). As an equitable remedy, an unjust enrichment claim cannot be maintained where a plaintiff has an adequate remedy at law. *Zarrella*, 755 F. Supp. 2d at 1227. Here, because there is an express warranty governing Plaintiff's rights, her unjust enrichment claim must fail. *Id.* Plaintiff's failure to state a claim for breach of warranty does not save the unjust enrichment claim. *Licul v. Volkswagen Grp. of Am.*, 2013 U.S. Dist. LEXIS 171627, at *22 n. 2 (S.D. Fla. Dec. 5, 2013) ("That Plaintiffs' warranty and FDUTPA claims may also prove without merit does not impact whether their unjust enrichment claim should be dismissed as duplicative."). The Court dismisses Count VIII.

F. Count IX

It is unnecessary for the Court to contemplate whether Plaintiff validly states a cause of action in Count IX, as it is merely a prayer for declaratory relief styled in the form of a final claim and inappropriate for consideration.

IV. Conclusion

For the aforementioned reasons, the Court finds that Plaintiff fails to adequately state a valid cause of action in any of the eight Counts of her Amended Complaint. Each is time-barred, and in addition, key elements of her claims are missing, rendering those claims further invalid. Defendant Volkswagen Group of America, Inc.'s Motion to Dismiss is hereby GRANTED and this case DISMISSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of April, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record